UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIP HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01955 |
| ) | JUDGE CRENSHAW |
| STATE OF TENNESSEE ) | |
| DEPARTMENT OF INTELLECTUAL ) | |
| AND DEVELOPMENTAL ) | |
| DISABILITIES, and DEBRA K. PAYNE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Phillip Holland brought this suit seeking money damages against the State of Tennessee Department of Intellectual and Developmental Disabilities ("TDIDD") and its commissioner, Debra Payne (collectively "the State"), alleging disability discrimination when Holland was not hired, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* (Doc. No. 1.) The parties do not dispute that the claims against either defendant is a claim against the State. See Carten v. Kent State Univ., 282 F.3d 391, 394 (6th Cir. 2002) (finding that a claim against a state university's doctors is a suit against the State). Before the Court is the State's Motion to Dismiss (Doc. No. 5) and Holland's Motion to Amend his Complaint (Doc. No. 7). Holland admits that the Court lacks jurisdiction to hear the only claim in his original Complaint, brought under Title I of the ADA. (Doc. No. 8 at 1 (citing Bd. of Trustees of the Univ. of Ala. V. Garrett, 531 U.S. 356 (2001)).[1] Accordingly, the Motion to Dismiss (Doc. No. 5) the original Complaint

---

[1] Although Holland states in his brief that "Plaintiff does not agree with Defendants' position," this appears to be a typo because he admits that the Supreme Court held in Board of Trustees that "money damages are barred in a suit against the State under Title I of the ADA." (Doc. No. 8 at 1.)

is **GRANTED**. For the following reasons, Plaintiff's Motion to Amend (Doc. No. 7) is **DENIED** as futile.

I. ALLEGATIONS IN THE PROPOSED FIRST AMENDED COMPLAINT

Holland's son, Phillip Jr., receives services from the TDIDD because he is disabled and has special needs. (Doc. No. 7-1.) The TDIDD generally hires friends and family members of its service recipients as paid supports for those individuals. (Id.) Phillip Jr.'s biological mother is disabled, and works as one of his paid supports. (Id.) Holland's wife, Angela Humphrey, works as a paid support for Phillip Jr., earning $15.04 per hour for an average of thirty-five or forty hours per week. (Id. at 4.)

In January 2014, Holland applied to TDIDD for support services for Phillip Jr. (Id.) On January 14, 2014, Tanya Yoe emailed Holland on behalf of Payne, informing him that he would be prohibited from working as a paid support for his son because of Holland's disability. (Id.) Different state officials repeated to Holland that he would be prohibited from working because of his disability. (Id.)

On May 20, 2015, Holland filed a charge of discrimination against the State with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was discriminated against on the basis of his disability in violation of Title I and Title II of the ADA. (Id. at 2.) On April 24, 2016, Holland received his Right to Sue Notice from the EEOC, notifying Holland that he has the "right to institute a civil action under Title I of the [ADA] . . . ." (Doc. No. 1-2.) Holland filed this action on July 25. 2016. (Doc. No. 1.)

II. STANDARD OF REVIEW

Generally, a district court should give leave to amend a complaint freely when justice so requires. FED. R. CIV. P. 15(a)(2). "A motion to amend a complaint should be denied if the

2

amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 82, 294 (6th Cir. 2010) (quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule [12] motion to dismiss." Riverview Health Inst., LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)).

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III. ANALYSIS

Here, Holland only added three words to the proposed Amended Complaint: "and Title II . . . ." (Doc. No. 7-1 at 2.) Although this was in the context of what claim he brought to the EEOC, rather than a claim he brings in this Court, the Court liberally construes the proposed Amended Complaint to include the Title II claim. The State argues that Holland cannot bring his claim under Title II because the EEOC Right to Sue Notice specifically stated that the scope of Holland's right

to sue was under Title I of the ADA, not Title II. (Doc. No. 9 at 1.) It also argues that the proposed Amended Complaint does not raise a Title II claim. (Doc. No. 9 at 2.) Holland did not respond to either of these arguments. Local Rule 7.01(b) ("Failure to file a timely response shall indicate that there is no opposition to the motion.")

Holland did not satisfy the condition precedent of filing an EEOC charge relating to his Title II claim. Generally, a plaintiff "must file a charge with the EEOC and receive a right-to-sue letter before commencing litigation." Johnson v. Cleveland City School Dist., 344 Fed. Appx. 104, 110 (6th Cir. 2009). A charge must "identify the parties[ ] and . . . describe generally the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b). "Liberal construction [of the EEOC charge] is not necessary where the claimant is aided by counsel in preparing his charge." Ang v. Procter & Gamble Co., 932 F.2d 540, 546 (6th Cir. 1991) (reversed on other grounds). Still, at times, a broad reading of an EEOC complaint may be appropriate in cases where the plaintiff has counsel. Cleveland Branch, N.A.A.C.P. v. City of Parma, OH, 263 F.3d 513 (6th Cir. 2001). The plaintiff may only present claims raised in the EEOC charge or claims "reasonably expected to grow out of the charge of discrimination." Id. at 534 (quoting Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998)).

Here, the only allegations Holland makes in his EEOC charge relate to employment. (Doc. No. 1-1.) Specifically, he alleged that the State's discrimination "pre-empted [his] application for employment before [he] could even express an interest." (Id.) Further, he stated that he has been told that "because of [his] disability, [he is] not eligible to be employed." (Id.) "Title I generally prohibits employers, including States, from discriminating in employment practices against qualified individuals with disabilities." Carten, 282 F.3d at 395 (citing 42 U.S.C. §§ 12111-17). Title II provides that "no qualified individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Id. (quoting 42 U.S.C. § 12132). Therefore, all of Holland's allegations in his EEOC charge fall under Title I of the ADA. Any Title II claim is outside the scope of Holland's EEOC charge, and are dismissed because Holland failed to satisfy the condition precedent of bringing them to the Court.

Further, even if Holland had raised his Title II claim in his EEOC charge, Holland does not state a claim for which relief can be granted under Title II of the ADA. The only claim for relief is that the State discriminated against Holland by prohibiting him from applying for employment because of his disability. (Doc. No. 7-1 at 5.) As such, Holland only alleges that the State violated Title I, and does not state a claim under Title II of the ADA.

IV. CONCLUSION

For the foregoing reasons, Holland's Motion to Dismiss the Original Complaint (Doc. No. 5) is **GRANTED AS UNOPPOSED**. Holland's Motion to Amend his Complaint (Doc. No. 7) is **DENIED** as futile. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because his ADA Title I claim is barred by the Eleventh Amendment to the Constitution.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE